UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.　1:23-cv-01503-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

　　　　Plaintiff Nathaniel Dwayne Caetano is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On October 23, 2023, Plaintiff filed an application to proceed *in forma pauperis* in this action. (ECF No. 2).

　　　　Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**I.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

　　　　Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915.

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

1

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.     ANALYSIS

### A.     Strikes

Plaintiff filed this action on October 23, 2023. (ECF No. 1). The Court takes judicial notice of the following five cases, each of which counts as a "strike": (1) *Caetano v. Kings County Sheriff, et al.*, 1:22-cv-222-JLT-BAM (E.D. Cal.) (dismissed March 18, 2022, as frivolous and for failure to state a claim); (2) *Caetano v. Kings County Sheriff, et al.*, 1:22-cv-261-JLT-HBK (E.D. Cal.) (dismissed April 28, 2022, as frivolous); (3) *Caetano v. Depository Trust Company, et al.*, 1:22-cv-679-JLT-SKO (E.D. Cal.) (dismissed September 30, 2022, as frivolous and for failure to state a claim); (4) *Caetano v. Board of State and Community Corrections, et al.*, 1:22-cv-687-JLT-SKO (E.D. Cal.) (dismissed May 30, 2023, for failure to state a claim); and (5) *Caetano v. Internal Revenue Service, et al.*, 1:22-cv-837-JLT-SAB (E.D. Cal.) (dismissed June 20, 2023, as frivolous and for failure to state a claim).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905,

2

at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint sues the California Department of Corrections and Rehabilitation (CDCR) and Kern Valley State Prison (KVSP) Warden C. Pfeiffer. (ECF No. 1, p. 3). Plaintiff asserts three claims.

Plaintiff's first claim appears to allege that the CDCR is not sending envelopes to the United States Federal Marshal regarding service of process for his litigation. (*Id.* at 4).

Plaintiff's second claim is not comprehensible and appears to assert a sovereign-citizen type argument about being both a trust and trustee, culminating in the assertion that he is being unlawfully detained at KVSP. (*Id.* at 5). This is a similar type of argument that Plaintiff has raised before that other courts have rejected as frivolous. *See Caetano v. Internal Revenue Serv.*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023) ("Even while Plaintiff does not expressly state that he is a 'sovereign citizen,' the Court finds Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that Plaintiff's claims are entirely rooted in the 'Redemptionist' theory of the sovereign citizen ideology. The 'Redemptionist' theory is another frivolous legal theory that has been rejected by countless federal courts.");

3

*Caetano v. Kings Cnty. Sheriff*, No. 1:22-CV-0261 JLT HBK, 2022 WL 1271344, at *3 (E.D. Cal. Apr. 28, 2022), *appeal dismissed*, No. 22-16067, 2022 WL 18358075 (9th Cir. Aug. 17, 2022) ("To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a 'Sovereign' and a vessel—courts uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless.").

Plaintiff's final claim asserts that the CDCR is withholding trust account statements to prevent him from filing litigation. (ECF No. 1, p. 6).

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. None of these allegations fairly implicate his person safety at all, let alone show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## III.   CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

4

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 27, 2023**                         /s/ Erica P. Grosjean
                                                                           UNITED STATES MAGISTRATE JUDGE